In the Matter of WILLIAM L. FINGER (Admitted as WILLIAM LEE FINGER), an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 11, 1980

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Gary L. Casella* of counsel), for petitioner.

*Herbert A. Lyon* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on December 15, 1965 under the name of William Lee Finger. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Referee to whom the issues were referred for hearing and report, and the respondent cross-moves to disaffirm said report.

The Referee sustained all charges set forth in the petition alleging, *inter alia,* the respondent's conversion of clients' funds totaling approximately $6,800; the respondent's filing of false and fraudulent affidavits in the Supreme Court, Nassau County, in an effort to deceive the Justices of that court as well as adverse parties in litigated matters; and the respondent's various attempts to impede the investigation of the complaints of professional misconduct lodged against him, including his offering of restitution to complainants as an inducement for them to withdraw their complaints.

After reviewing all of the evidence, we are in full agreement with the findings of the Referee. The respondent is guilty of the charges of professional misconduct. Accordingly, the petitioner's motion to confirm the report of the Referee is hereby granted and the respondent's cross motion to disaffirm the report is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the Referee's inability to find any factors in mitigation of the respondent's conduct. The respondent is therefore adjudged guilty of serious professional misconduct and should be, and he hereby is, disbarred from further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and LAZER, JJ., concur.